787 F.2d 592
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PAULINE MOORE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 84-5467
 United States Court of Appeals, Sixth Circuit.
 3/4/86
 
 VACATED AND REMANDED
 E.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 BEFORE: LIVELY, Chief Judge; MERRITT and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from an order of the district court granting summary judgment to the Secretary, affirming a decision which denied Supplemental Security Income benefits.
 
 
 2
 Plaintiff is now 53 years old and has no relevant work experience. She seeks SSI benefits on a claim of mental impairment, heart and lung problems, hypertension and fainting spells. The key issue in the case is whether the determination by the Administrative Law Judge (ALJ), adopted by the Secretary, that the plaintiff failed to establish a severe psychological or mental impairment is supported by substantial evidence. The ALJ carried out the sequential analysis of plaintiff's claim only through the second stage where he determined that the plaintiff did not suffer from 'a severe impairment.'
 
 
 3
 The district court noted that, despite evidence of hyperventilation, hypertension, and diabetes in addition to depressive symptoms, the record contained no medical opinions in which an examining or treating physician had concluded that the plaintiff is disabled. In addition, the ALJ made a determination that plaintiff's claims of constant severe pain were not credible.
 
 
 4
 Upon consideration of the record on appeal and briefs of the parties, oral argument having been waived, the court concludes that the district court erred in finding substantial evidence on this record to support the decision of the Secretary. The problem in the case is that the ALJ erred in rejecting the application at the second stage of the sequential evaluation process by concluding that the plaintiff had failed to establish the existence of a severe impairment. The district court did not have the benefit of this court's decision in Farris v. Secretary of Health and Human Services, 773 F.2d 85 (1985). In that case we adopted a test of the Fourth Circuit that an application may be rejected at the second stage of the sequential evaluation process 'only if the impairment is a 'slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience." Applying this standard, it seems clear that the ALJ erred in rejecting the application at the second stage. The evidence of impairment presented by the plaintiff was much more than the 'slight abnormality' described in Farris.
 
 
 5
 The judgment of the district court is vacated, and the case is remanded with directions to remand it to the Secretary for further proceedings consistent with this opinion.